UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARVA REAGAN,

                Plaintiff,

              v.

JENNIFER MATTHEW NURSING &
REHABILITATION CENTER, et al.,

                Defendants.
_____

DECISION & ORDER

07-CV-6150P

On February 22, 2010, *pro se* plaintiff Marva Reagan ("Reagan") filed a motion for a default judgment against defendant NRNH, Inc. d/b/a Jennifer Matthew Nursing & Rehabilitation Center ("Jennifer Matthew") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.[1] (Docket # 17). For the following reasons, Reagan's motion is granted.

On March 13, 2007, Reagan filed a complaint against Jennifer Matthew alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (Docket # 1). On June 5, 2009, defendant's counsel filed a motion to withdraw pursuant to Local Rule of Civil Procedure 83.2(c). (Docket # 11). The motion was granted on January 6, 2010. (Docket # 14). The order directed defendant to obtain new counsel within two weeks or risk a default judgment because a corporation may not proceed *pro se*. (*Id.*). Despite this warning, defendant did not file a notice of appearance within the time frame provided. Reagan then filed a motion for default judgment against Jennifer Matthew on February 22, 2010.

---

[1] The Court notes that although Reagan also named four individual defendants, those defendants evidently have not been served. (Docket # 1). A summons has been returned executed only as to Jennifer Matthew. (Docket # 2). Accordingly, Jennifer Matthew is the only defendant in this case.

(Docket # 17). Despite the issuance of a motion scheduling order, Jennifer Matthews has not opposed the pending motion.

It is well-settled that a corporation may not represent itself *pro se*. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). *Accord Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (citing *Brandstein v. White Lamps, Inc.*, 20 F. Supp. 369, 370 (S.D.N.Y. 1937) ("[w]hile a corporation is a legal entity, it is also an artificial one, existing only in the contemplation of the law; it can do no act, except through its agents")). A corporation's failure to retain counsel within a specified period of time may result in a default judgment against the corporation. *R. Maganlal & Co. v. M.G. Chemical Co.*, 1996 WL 715526, *2 (S.D.N.Y. 1996) (default judgment is justified where corporation failed to comply with court order directing it to obtain new counsel); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) ("[h]aving determined that the district court properly ordered Eagle to appear through counsel, it was appropriate to enter a default judgment when Eagle willfully disregarded the district court's order").

In the present case, Jennifer Matthew was advised on January 6, 2010 that failure to obtain new counsel within two weeks could result in a default judgment against it because it was not permitted to appear *pro se*. (Docket # 14). No notice of appearance has been filed on behalf of defendant since then. Accordingly, Reagan's motion for a default judgment (**Docket # 17**) is **GRANTED**.

Having granted Reagan's motion for a default judgment, this Court must now determine the issue of damages. Under Rule 54(c) of the Federal Rules of Civil Procedure, when entering a default judgment, a court may not award damages in excess of what is demanded in

the pleadings. Fed. R. Civ. P. 54(c). In granting a default judgment, the court accepts the allegations in the complaint as true, except as to damages. *See Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the damages are not deemed true"); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* The court may conduct a hearing or rely on affidavits or other documentary evidence to determine damages. *See* Fed. R. Civ. P. 55(b)(2); *J & J Sports Prods., Inc. v. Peralta*, 2008 WL 495542, *3 (E.D.N.Y. 2008); *DHL Express (USA), Inc. v. Joymic Corp.*, 2007 WL 4054662, *2 (E.D.N.Y. 2007).

Reagan has neither made a monetary demand for damages in her complaint, nor submitted documentary evidence of her damages. (*See* Docket # 1). Accordingly, by no later than **August 6, 2010**, Reagan shall submit an affidavit detailing her damages caused by the defendant's discriminatory conduct, to which she may append any documentary evidence she deems relevant to her claimed damages.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
       July  20 , 2010