UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

MARVA REAGAN,

                    Plaintiff,                          <u>DECISION & ORDER</u>

                                                        07-CV-6150P

          v.

JENNIFER MATHEW NURSING &
REHABILITATION CENTER,

                    Defendant.

───────────────────────────────


          Plaintiff Marva Reagan ("Reagan") filed this lawsuit alleging employment

discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e

*et seq.*, against defendant Jennifer Mathew Nursing & Rehabilitation Center, Inc. ("Jennifer

Mathew"). (Docket # 1). On July 20, 2010, this Court granted Reagan's motion for a default

judgment and directed her to submit an affidavit detailing her damages and any relevant

documentary evidence. (Docket # 20). Now before the Court is the issue of Reagan's damages.

          On August 9, 2010, this Court received an unsworn letter from Reagan requesting

an award of $40,000.00 in back pay and $8,000.00 to repay a student loan she had obtained to

return to school for a masters degree. (*See* Docket # 22). According to Reagan, after her

termination on January 6, 2003, she was unable to find employment for a year even after

applying to "all job listing[s] in State and out of State." (*Id*.). Thereafter, Reagan enrolled in a

masters program and obtained her degree in June 2004. (*Id*.). In her letter, Reagan requested a

reimbursement of $8,000.00 for the balance of her student loans, but did not support this request

with any documents, other than a transcript of her grades.

On February 13, 2012, Reagan submitted a second unsworn letter, this time requesting $31,000.00 in back pay and $7,000.00 for emotional distress, but again did not include any supporting documentary evidence.  (Docket # 21).

A review of the case file reveals that Reagan's initial disclosures under Fed. R. Civ. P. 26(a)(1)(B) included weekly payroll and time records for the period of her employment (December 2001 through January 2003) that reflect her weekly hours and wages.  The records demonstrate that Reagan consistently worked forty hours per week at an hourly wage of between $14.00 and $20.00.  At the time she was terminated, Reagan was earning $15.00 per hour.  The file contains no documents to support Reagan's claim for emotional distress.

## DISCUSSION

Although Reagan has obtained a default judgment against Jennifer Mathew, the Court must scrutinize her claim for damages.  *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the damages are not deemed true"); *Eastman Kodak Co. v. Berkshire-Westwood Graphics Grp., Inc.*, 2010 WL 2710975, *1 (W.D.N.Y. 2010).  The court need not hold a hearing, "as long as it ensure[s] that there [i]s a basis for the damages specified."  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) (*quoting Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).

Turning first to Reagan's claim for lost wages, "[a]n award of back pay, although not automatic, is generally awarded absent special circumstances" in employment discrimination

cases. *Moore v. Houlihan's Rest., Inc.*, 2011 WL 2470023, *4 (E.D.N.Y.), *report and recommendation adopted by* 2011 WL 2462194 (E.D.N.Y. 2011). A plaintiff is ordinarily "entitled to an award of back pay from the date of her termination until the date of judgment." *Saulpaugh v. Monroe Cnty. Hosp.*, 4 F.3d 134, 144 (2d Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). The award typically consists of "lost salary, including anticipated raises, and fringe benefits." *Id.* at 145. A plaintiff alleging employment discrimination must mitigate her damages, however. *Moore v. Houlihan's Rest., Inc.*, 2011 WL 2470023 at *5. Under certain circumstances, a plaintiff who chooses to attend school after a diligent but fruitless job search satisfies her duty to mitigate. *Daily v. Societe Generale*, 108 F.3d 451, 457 (2d Cir. 1997) (plaintiff who enrolled in physician assistant program after unsuccessfully searching for job in banking industry mitigated her damages). The defendant bears the evidentiary burden of demonstrating a plaintiff's failure to mitigate. *Id.* at 456.

Here, Reagan has requested an award of $31,000.00 in back pay. The record demonstrates that at the time she was terminated, Reagan was earning $15.00 an hour, or a yearly salary of $31,200.00. In addition, Reagan has stated that she unsuccessfully searched for work for over a year before enrolling in a masters program. On this record, I find that Reagan has satisfied her duty to mitigate her damages and that she is entitled to an award of $31,200.00 for lost wages.

With respect to damages for mental anguish, Reagan has not provided any documentary evidence or a sworn affidavit to support this claim despite ample time to do so and explicit instructions from the Court. Further, the complaint alleges no facts regarding her emotional distress. Accordingly, Reagan is not entitled to an award for emotional distress

damages because she has failed to support that claim. *Annis v. Cnty. of Westchester*, 136 F.3d

239, 249 (2d Cir. 1998) (vacating award for emotional distress where plaintiff failed to submit an

affidavit or other evidence).


### CONCLUSION

For the reasons discussed above, the Court awards Reagan damages under Title

VII of the Civil Rights Act of 1964 in the amount of $31,200.00 plus interest accruing upon entry

of judgment until paid.  28 U.S.C. § 1961.

**IT IS SO ORDERED.**


*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
May   31   , 2012